IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-302-D |
| ) | |
| JEORLD BRAGGS, JR., *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   Upon initial screening, Judge Erwin recommends the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 be dismissed without prejudice for failure to exhaust administrative remedies and failure to state a claim for relief.

Petitioner, a state prison inmate appearing *pro se*, has filed a timely objection. Thus, the Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner challenges both of Judge Erwin's reasons for recommending dismissal.[1] Petitioner argues that, for various reasons, no administrative remedy was actually available.

---

[1] Petitioner also objects to any finding that he failed to exhaust state court remedies because no judicial remedy was available.  *See* Obj. at 8-9.  However, Judge Erwin makes no finding on that issue; the R&R addresses only administrative remedies.  *See* R&R at 2-3.

He also disagrees with Judge Erwin's conclusion that no constitutionally protected liberty interest was implicated by the alleged misconduct of prison officials because the only consequence of any denial of due process was a reduction in Petitioner's classification level.  *See* R&R at 4 (citing *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006), and unpublished opinions).  Because the second reason is dispositive, the Court concurs in Judge Erwin's recommendation for dismissal of the action.

Although Petitioner's allegations of misconduct are not entirely clear, he plainly states that he did not lose any earned credits, as either a disciplinary sanction or a result of other misbehavior.  *See* Obj. at 9 ("no credits were taken from the Plaintiff/ Petitioner").[2] Petitioner claims he was denied due process because "state law creates the liberty interest," and liberally construing his *pro se* arguments, he contends a liberty interest arises from Oklahoma statutes and departmental policies.  *See id*. at 10-11 ("in Oklahoma, once a prisoner is classified at a particular level, the prisoner is statutorily entitled to receive a specific number of credits"); *id*. at 11-12 (quoting prison operating procedures providing for level-one class assignment upon disciplinary conviction or administrative segregation).  Petitioner relies primarily on *Wilson v Jones*, 430 F.3d 1113 (10th Cir. 2005).[3]

---

[2]   Petitioner alleges in the Petition that his case manager demoted him to a lower classification level on March 16, 2020, based on a mistaken assumption that Petitioner had been found guilty of two disciplinary charges made against him on March 9, 2020.  *See* Pet. at 7 (ECF page numbering).  In his Objection, Petitioner explains the demotion as based on both the assumed disciplinary conviction and the case manager's desire "to deprive [Petitioner] of his minimum security status, to do a lateral transfer to a medium security yard."  *See* Obj. at 11.

[3]   Petitioner also relies on "*Ali vs. Taylor*" without providing a citation.  *See* Obj. at 11-12. The Court assumes this refers to *Ali v. Taylor*, 528 F. App'x 918 (10th Cir. 2013) (unpublished).  The Court finds little persuasive value in *Ali* because, although the opinion discusses *Wilson* and purports to follow its holding, the inmate's claim in *Ali* was that "his

Under Oklahoma law, state inmates are entitled to have their terms of imprisonment reduced monthly at a rate that is based on the class level to which they are assigned. *See* Okla. Stat. tit. 57, § 138(A). A prisoner's classification level is determined by a number of factors, and there is no constitutionally protected interest in any particular level or in earning credits toward early release. *See Fogle*, 435 F.3d at 1262; *see also Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007). Under limited circumstances, however, where a prison official's action has mandatory, automatic consequences that affect the duration of an inmate's sentence, a liberty interest is implicated. *See Wilson*, 450 F.3d at 1120-21 (Class X misconduct conviction triggered automatic mandatory sanctions, including reclassification to level where inmate was ineligible to earn credits for two years).

Petitioner attempts to bring his case within this latter type, and so implicate a liberty interest, by invoking departmental policies that mandate a level-one assignment following a disciplinary conviction or placement in administrative segregation, and by claiming he was "entitled to due process before a mandatory demotion." *See* Obj. at 10. Despite this effort to recast his claim, Petitioner's factual allegations make clear that the crux of his complaint is his case manager's "demotion" of Petitioner to a lower classification level. *See* Pet. at 7; Obj. at 11-12.[4] The relief sought is a writ ordering prison officials to "restore

---

classification level . . . was reduced for exercising his First Amendment rights" (528 F. App'x at 919), that is, a claim of First Amendment retaliation rather than deprivation of due process.

[4] Petitioner also complains of being held in segregated housing for a punitive purpose. *See* Pet. at 7; Obj. at 12. However, Petitioner does not allege his conditions of confinement in

3

[Petitioner] to his credit earning status of a level four" that he held before the demotion. *Id*. at 14.

The Court is not persuaded by Petitioner's arguments. Unlike *Wilson*, Petitioner is not complaining of a mandatory reduction in classification level as an automatic consequence of a disciplinary conviction or placement that inevitably affected the duration of his sentence. He is instead challenging an alleged demotion in classification level by his case manager, either "[i]n an attempt to increase [his] security points" or because the case manager wrongly "assumed that Petitioner had been found guilty" of misconduct. *See* Pet. at 7. Petitioner explains in his Objection that the demotion was accomplished by the case manager's "draft[ing] an adjustment review," referring to the process by which a prison inmate's classification level is determined.[5] *See* Obj. at 11. Petitioner's factual allegations show that his demotion was the result of discretionary action by prison officials who decided (for whatever reason) to reduce Petitioner's reclassification to a lower classification level. Therefore, the Court finds that Petitioner fails to allege the existence of a constitutionally protected liberty interest that entitled him to due process.

For these reasons, the Court finds that Petitioner has failed to state a claim upon which relief can be granted. Further, the Court concurs in Judge Erwin's recommendation for a dismissal without prejudice of the action.

---

administrative segregation imposed a significant, atypical departure from ordinary prison life and so implicated a liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

[5] "[I]nmates shall be assigned to one of four class levels determined by an adjustment review committee of the facility to which the inmate is assigned." *See* Okla. Stat. tit. 57, § 138(B).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED as set forth herein. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. The requirement of § 2253(c)(1) to obtain a COA also applies when a state habeas petitioner is proceeding under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 29th day of May, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge